**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

JERREL MONTEL KING,

          Defendant.

Case No. 09-CR-107-CVE

**OPINION AND ORDER**

Defendant's request to dismiss his appointed counsel [Dkt. 29] was referred to the undersigned United States Magistrate Judge for decision. A hearing was held on the matter in which Mr. King, Attorney Amanda M. Folsom, and Attorney Stephen J. Greubel were present.

"To warrant substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Byrum*, 567 F.3d 1255, 1265 (10th Cir. 2009) (citing *United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005)). To make this assessment the court considers: (1) whether the defendant's request was timely; (2) the defendants reasons for making the request for new counsel; (3) whether the defendant-attorney conflict was so great that it led to a total lack of communications which would preclude an adequate defense; and (4) whether the defendant substantially and unreasonably contributed to a communication breakdown. *Byrum*, 567 F.3d at 1265-67 (quoting *Porter*, 405 F.3d at 1140).

The court has considered the reasons Defendant expressed in his request, and those expressed at the hearing. The court has also considered the opinions expressed by

Ms. Folsom, that communication with Defendant has been difficult, "labored," and has completely broken down. It is well-established that "[g]ood cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney . . . rather there must be a total breakdown in communications." *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002)(citations omitted). Further, "to prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or that he had such minimal contact with the attorney that meaningful communication was not possible." *Id.*

Based on the statements of Defendant and counsel, the court finds that counsel has had sufficient contact with Defendant and that meaningful communication has occurred. Further, the court finds that the representations made at the hearing do not demonstrate such a total breakdown in communications between Defendant and counsel so as to establish good cause requiring substitution of counsel. There is no evidence that counsel would be unable to adequately represent Defendant in this matter.

Despite the above findings, the court has considered counsel's expressed discomfort in continuing to represent Defendant in view of Defendant's expressed lack of trust in counsel. While counsel's discomfort and Defendant's subjective expression of a lack of trust do not *require* substitution of counsel, out of an abundance of caution the court will exercise its discretion and grant Defendant's request for new counsel.

Defendant's request was made on Wednesday, September 16, 2009. Trial is scheduled to commence on Monday, September 21, 2009. At the hearing counsel represented despite the close proximity of trial, panel attorney, Robert Burton, is available and willing to take over the case and would be ready to try the case as scheduled. Robert

Burton is appointed as counsel for Defendant. To facilitate trial preparation, the trial is continued to Wednesday, September 23, 2009 at 9:30 a.m. before Chief Judge Claire V. Eagan.

IT IS HEREBY ORDERED that Defendant's request to dismiss his appointed counsel [Dkt. 29] is GRANTED. Robert Burton is appointed and substituted as counsel for Defendant. The trial of this matter is re-scheduled for Wednesday, September 23, 2009 at 9:30 a.m. before Chief Judge Claire V. Eagan.

SO ORDERED this 17th day of September, 2009.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE